McRAE, P.J.,
DISSENTING:
¶ 18. I disagree with the majority’s decision that Dr. Mace’s medical practice is a marital asset subject to equitable distribution. This Court has held that a professional degree acquired by one spouse dur *1135 ing a marriage is not marital property. Guy v. Guy, 736 So.2d 1042, 1047 (Miss.1999). Our decision regarding professional degrees has been continually upheld. However, until now we have declined to make a decision as to a professional practice. The majority refuses to extend our previous findings about professional degrees to professional practices. Instead, it makes a distinction between the professional degree and the practice which that degree enables its holder to establish. I fail to see the logic in separating the professional degree from the professional practice. The latter would not exist but for the former.
¶ 19. Undeniably a monetary value can be placed on the building where Dr. Mace’s practice is located as well as the fixtures, furniture, equipment and accounts receivable pertaining thereto. However, these items should not be classified as marital assets. When considered together, these items, Dr. Mace’s “tools of the trade,” are more than just assets-along with the medical degree, they form the medical practice. It is this practice that has enabled Dr. Mace to accumulate all the marital assets obtained by the parties during their marriage. It is these “tools” that allow for alimony and child support. To take away or diminish his ability to practice therefore diminishes his ability to earn and provide the maximum amount for the above. There is no way to determine accurately how much the degree or the physical components of the practice contribute to the success of the practice as a whole and the income it generates. The two simply cannot be separated. To properly include the medical practice as a marital asset, its total value would have to be readily discernable. How can the practice be subject to equitable distribution when its aggregate value is unknown? To subject only a portion of the practice to equitable distribution is not equitable at all.
¶ 20. I would hold that Dr. Mace’s practice is not a marital asset; and therefore, the decision of the chancellor as to this issue should be reversed.
EASLEY, J., JOINS THIS OPINION.